IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:13-CR-6-BO
NO. 4:15-CV-33-BO

| | |
|---|---|
| TRON LAKEY DAVIS, )<br>        Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>        Respondent. ) | **ORDER** |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government has responded to the motion opposing relief as to all but one claim. For the reasons discussed below, an evidentiary hearing is required and will be set by separate notice.

## BACKGROUND

After pleading guilty pursuant to a plea agreement to charges of marijuana distribution and using and carrying a firearm during and in relation to a drug trafficking offense, 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c)(1)(A), petitioner, Tron Davis, was sentenced on November 15, 2013, to a total term of 300 months' imprisonment. The Court further imposed a lifetime term of supervised release on the drug count (count six) and a five year term of supervised release on the gun count (count seven), to be served concurrently. On the government's motion, the sentencing hearing was reopened on November 27, 2013, to allow the government to inform the Court regarding petitioner's cooperation efforts. An order amending the judgment was entered

following the hearing, imposing the same terms of imprisonment and supervised release. [DE 70].

Petitioner filed a notice of appeal, which was voluntarily dismissed by order entered February 5, 2014. Petitioner then filed the instant § 2255 motion alleging four claims of ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. Petitioner contends that counsel was ineffective for failing to file a timely notice of appeal and for advising petitioner to withdraw his appeal, failing to object to the career offender enhancement, failing to object to a lifetime term of supervised release, and failing to object to "using and carrying" a firearm under 18 U.S.C. § 924(c). Petitioner also alleges a claim that he was improperly designated as a career offender. The government responds that petitioner's claims are without merit, except that he was improperly sentenced to a lifetime term of supervised release on count six and that his judgment should be amended.

## DISCUSSION

Petitioner contends in his first claim for relief that his appellate counsel gave him erroneous advice to withdraw his direct appeal though he knew that there were meritorious issues which could have been raised and petitioner would have maintained his right to challenge his excessive sentence. Although the Fourth Circuit docket reflects that petitioner signed a consent to voluntarily dismiss his appeal, "[b]ecause the record [is] unclear with respect to what transpired after [petitioner']s appeal was noted," an evidentiary hearing is appropriate "to determine whether counsel may have rendered ineffective assistance during this time period." *Casey v. United States*, CRIM. 1:06CR00071-1, 2009 WL 2596615, at *9 (W.D. Va. Aug. 21, 2009). The Court further directs the parties to brief the appropriate standard by which the Court

2

should measure appellate counsel's performance in advising petitioner to withdraw his appeal. *See id.*, 2009 WL 2596615, at *10.

Rule 8(c) of the Rules Governing § 2255 Proceedings requires that the Court appoint counsel to represent petitioner at an evidentiary hearing if he meets the indigency requirements. *See also United States v. Harris*, 217 F.3d 841 (4th Cir. 2000) (unpublished table decision). As petitioner was previously determined to meet the indigency requirements, Raymond Tarlton is hereby APPOINTED to represent petitioner for this evidentiary hearing. 18 U.S.C. § 3006A. Pursuant to Rule 8(c) of the Rules Governing § 2255 Proceedings the Court will conduct the hearing as soon as is practicable after giving the attorneys adequate time to investigate and prepare. The court will consider petitioner's remaining claims and the government's response after it has conducted the evidentiary hearing.

## CONCLUSION

For the foregoing reasons, the Court will hold an evidentiary hearing on petitioner's claim that he received the ineffective assistance of counsel when he was advised to withdraw his direct appeal. The hearing will be set by separate notice. The Clerk of Court is DIRECTED to serve a copy of this order on the government, petitioner, the Office of the Federal Public Defender, and Raymond Tarlton. The parties' briefs on the appropriate standard to be applied to this claim shall be filed not later that five (5) days before the date of the evidentiary hearing.

SO ORDERED, this _6_ day of July, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE