**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-4527

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

     v.

TRON LAKEY DAVIS,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:13-cr-00006-BO-1)

Submitted:  March 28, 2017                                   Decided:  April 7, 2017

Before TRAXLER, SHEDD, and HARRIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON LAW PLLC, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tron Lakey Davis appeals his conviction and sentence of 300 months of imprisonment for distribution of a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012) (Count 6), and using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (2012) (Count 7). He contends that the district court plainly erred in (1) sentencing him as a career offender because North Carolina common-law robbery is not a crime of violence under the career offender Guidelines, (2) imposing lifetime supervised release for Count 6, and (3) finding a sufficient factual basis to support Davis' guilty plea to Count 7. We affirm Davis' conviction but vacate his supervised release term and remand this case to the district court for further proceedings.

Because Davis did not challenge in the district court whether North Carolina common-law robbery is a crime of violence under the career offender Guidelines, we review this issue for plain error. *See United States v. McNeal*, 818 F.3d 141, 148 (4th Cir.), *cert. denied*, 137 S. Ct. 164 (2016), *and cert. denied sub nom. Stoddard v. United States*, 137 S. Ct. 164 (2016). To prevail on plain-error review, "a defendant must show (1) that an error was made; (2) that the error was plain; and (3) that the error affected his substantial rights." *Id.* (internal quotation marks omitted). Even if those three prongs are satisfied, we may exercise our discretion to correct a plain error "only when necessary to prevent a miscarriage of justice or to ensure the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

In *Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015), the Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012), was unconstitutionally vague. However, even though the Government in this case concedes that *Johnson* applies to the career offender Guidelines, the Supreme Court has recently ruled that the residual clause of the career offender Guidelines, although worded nearly identically to the ACCA's residual clause, is not unconstitutionally vague because "the Guidelines are not amenable to a vagueness challenge." *Beckles v. United States*, ___ S. Ct. ___, ___, No. 15-8544, 2017 WL 855781, at *7 (U.S. Mar. 6, 2017).[1] Davis does not argue on appeal that North Carolina common-law robbery is not a crime of violence under the residual clause of the career offender Guidelines. Thus, the district court did not err in finding that Davis was a career offender.

Next, Davis contends that the district court erred in imposing a term of lifetime supervised release on Count 6. The Government agrees with Davis that the district court erred and urges us to vacate this portion of the sentence imposed by the district court. Because Davis did not challenge in the district court his lifetime supervised release, we review this issue for plain error. *See McNeal*, 818 F.3d at 148.

Under 21 U.S.C. § 841(b)(1)(D), a court must impose a minimum of two years of supervised release. However, under 18 U.S.C. § 3583(b)(2) (2012), a court may impose

---

[1] In *United States v. Gardner*, 823 F.3d 793, 804 (4th Cir. 2016), we held that North Carolina common-law robbery is not a violent felony under the force clause of the ACCA. Because *Beckles* forecloses a challenge to the residual clause of the career offender Guidelines, *Gardner* is unavailing to Davis.

3

no more than three years of supervised release for class D felonies. Because violation of § 841(b)(1)(D) carries a maximum of five years of imprisonment, this offense is a class D felony. 18 U.S.C. § 3559(a)(4) (2012). Thus, the district court was authorized to sentence Davis to a minimum of two years and a maximum of three years of supervised release. Consequently, the district court's imposition of lifetime supervised release for Count 6 was in error. This error was plain, as the court's limited authority is clear from the statute—the statute is "not reasonably susceptible to" any other interpretation. *See United States v. Maxwell*, 285 F.3d 336, 342 (4th Cir. 2002). In addition, the error affected Davis' substantial rights. *See id.* Finally, we find it appropriate to correct the error to prevent a miscarriage of justice. *See id.* at 342-43; *McNeal*, 818 F.3d at 148. Therefore, we vacate the term of lifetime supervised release imposed by the district court and remand for a proper determination of the term of supervised release.

Finally, because Davis did not contend in the district court that his guilty plea to Count 7 lacked a sufficient factual basis, we review this issue for plain error. *See McNeal*, 818 F.3d at 148.[2]

"Federal Rule of Criminal Procedure 11(b)(3) requires the district court to determine whether a factual basis exists before entering judgment on a guilty plea." *United States v. Ketchum*, 550 F.3d 363, 366 (4th Cir. 2008). In making this determination, "the district

---

[2] Davis contends this issue should be reviewed for an abuse of discretion. However, the abuse-of-discretion standard applies only when a defendant moved to withdraw his guilty plea in the district court, which Davis did not do. Regardless of whether the proper standard should be plain error or abuse of discretion, we conclude Davis has not shown that the district court lacked a sufficient factual basis to find him guilty of Count 7.

4

court possesses wide discretion, and it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense." *Id.* (internal quotation marks omitted).

Davis contends that the .22 rifle that he sold to the confidential informant was coincidental rather than in relation to the marijuana that he sold to the informant, and thus, an insufficient factual basis supported his § 924(c) conviction. For support, Davis cites *United States v. Wilson*, where we ruled that the defendant's sale of a rifle was not part of his drug business, but instead was "a completely independent, yet contemporaneous action." 115 F.3d 1185, 1191-92 (4th Cir. 1997). The Government contends, however, that Davis' situation is less like the situation in *Wilson* and instead is more akin to the scenario in *United States v. Lipford*, 203 F.3d 259, 267 (4th Cir. 2000).

> We conclude that *Lipford* is controlling. In *Lipford*, we explained,
>
> [I]n the nebulous drug trade underworld, the line between purchaser and salesman is often blurred; in other words, a purchaser must often sell himself as a good customer to convince a drug source to take the risk of selling drugs. In order to persuade a drug source into taking that risk, a drug purchaser can often "sweeten the pot," offering to purchase not only drugs, but other illegal goods as well. Where that other illegal good is a firearm, that gun's involvement in the drug transaction is not "spontaneous" or "co-incidental;" on the contrary, the firearm facilitates the drug transaction, making it possible for the drug buyer to get the drug seller to take the risks inherent in selling contraband.

203 F.3d at 267.

Here, a cooperating witness met with Davis in July 2012 and bought a handgun, ammunition, and marijuana from Davis for $300. A few weeks later, the cooperating witness bought a pistol from Davis for $160. Weeks after the pistol sale, another

5

cooperating witness met with Davis at Davis' home and agreed to buy marijuana and a rifle for $325. Davis asked the witness to drive him to an apartment complex so that Davis could retrieve the rifle. Once at the apartment complex, Davis went inside an apartment, came back out, and placed the rifle in the witness' car trunk.

Based on the previous sale of both marijuana and a firearm and the instant sale of both marijuana and a firearm, the district court "could reasonably have determined" that Davis' subsequent sale of the rifle "facilitate[d]" the marijuana transaction. *See Ketchum*, 550 F.3d at 367; *Lipford*, 203 F.3d at 267. Thus, the district court did not err in concluding that a sufficient factual basis supported Davis' guilty plea to the § 924(c) charge.

Accordingly, we affirm Davis' conviction but vacate his term of supervised release and remand this case to the district court for further proceedings. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*
