Appeal: 17-4398   Doc: 31   Filed: 04/02/2018   Pg: 1 of 2

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-4398

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

TRON LAKEY DAVIS,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Terrence W. Boyle, District Judge.  (4:13-cr-00006-BO-1)

Submitted:  March 29, 2018              Decided:  April 2, 2018

Before AGEE and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Raymond C. Tarlton, TARLTON POLK, PLLC, Raleigh, North Carolina, for Appellant. Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Barbara D. Kocher, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tron Lakey Davis pled guilty to drug and firearm offenses. The district court sentenced him as a career offender and imposed a life term of supervised release. We previously vacated Davis' supervised release term and remanded, and we affirmed the judgment in all other respects. *United States v. Davis*, 684 F. App'x 317, 318-20 (4th Cir. 2017) (No. 15-4527). On remand, the district court entered an amended judgment, reducing the supervised release term and ruling that, under the mandate rule, it could not consider Davis' argument that he was no longer a career offender.

Davis now appeals from the amended judgment, contending that the mandate rule did not prevent the district court from applying the career offender provisions in the 2016 Sentencing Guidelines during his resentencing and, furthermore, that his predicate offense of North Carolina common law robbery is not a crime of violence under the Guidelines. *See* U.S. Sentencing Guidelines Manual §§ 4B1.1, 4B1.2(a)(2) (2016). We need not decide whether the mandate rule prevented the district court from reevaluating Davis' career offender status because, even if it did not, Davis' challenge to his career offender status is foreclosed by our recent decision in *United States v. Gattis*, 877 F.3d 150 (4th Cir. 2017).

Accordingly, we affirm the amended judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*