FILED
DEC 31 2019
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:13-CR-6-BO-1
No. 4:19-CV-143-BO

TRON LAKEY DAVIS,        )
                         )
        Movant,          )
                         )
vs.                      )
                         )
United States of America,)
                         )
        Respondent.      )

**OBJECTIONS TO UNITED STATES' MEMORANDUM OF LAW OF ITS
MOTION TO DISMISS PETITIONER'S MOTION UNDER 28 U.S.C. § 2255**

COMES Movant, TRON LAKEY DAVIS ("Davis"), appearing *pro se*, and files objections to United States' Motion to Dismiss ("Motion to Dismiss") Davis' Motion under 28 U.S.C. § 2255(f)(3) ("§ 2255(f)(3) Motion") as follows:

**I. PRELIMINARY STATEMENT**

As a preliminary matter, Davis respectfully requests that this Court be mindful that *pro se* complaints are to be held "to less stringent standards than formal pleadings drafted by lawyers," and should therefore be liberally construed. See *Clark v. Cartledge,* 829 F.3d 303 (4th Cir. 2016); *Estelle v.*

1

*Gamble*, 429 U.S. 97 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519 (1972) (same). Secondly, Davis adopts by reference and in whole his arguments previously filed in his § 2255(f)(3) Motion. See Doc. 143.[1]

## II. OBJECTIONS TO MOTION TO DISMISS § 2255(F)(3) MOTION

The Motion to Dismiss § 2241 Petition is divided into four (4) main sections: (1) Background; (2) Argument; and (3) Conclusion. See Doc. 149. Davis will reply to each section sequentially as follows:

### BACKGROUND

The government gives a fair and accurate summation of the relevant procedural background in this case. *Id.* at 2-3. Davis does not object to this section, except for the United States' opinion that his § 2255(f)(3) Motion must be dismissed, which will be discussed below.

### ARGUMENT

1. Petitioner's claim that his § 924(c) conviction should be vacated is without merit.

In this case, Davis argues sentence reduction in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), arguing that career offender enhancement

---

[1] "Doc." refers to the Docket Report in the United States District Court for the Eastern District of North Carolina, Eastern Division in Criminal No. 4:13-cr-00006-BO-1, which is immediately followed by the Docket Entry Number.

2

must be vacated for resentencing because the predicate offense of "robbery" no longer categorically qualifies as a "crime of violence".

However, the government opined that "*Davis* decision is irrelevant in Petitioner's case. Petitioner's predicate § 924(c) conviction on Count Six is a controlled substance offense not a crime of violence. Thus, Hobbs Act robbery is not implicated in Petitioner's sentence. Therefore, the Court should deny and dismiss Petitioner's motion to vacate for failure to state a claim." *Id.* at 4.

It is essential to note that Davis, in his § 2255(f)(3) Motion, was contesting the validity of his career offender enhancement (not his § 924(c) gun charge conviction on Count 7), which played a substantial part in calculating his offense level on Count 6 of the Indictment.

In *Davis*, the United States Supreme Court held that 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. Justice Gorsuch wrote the 5 to 4 opinion of the Court, joined by Justices Ginsburg, Breyer, Sotomayor, and Kagan. Justice Kavanaugh dissented, joined by Justices Thomas and Alito, and by Chief Justice Roberts as to all but Part II-C.

In *Davis*, Maurice Davis and Andre Glover argued that Hobbs Act robbery and conspiracy to commit Hobbs Act robbery did not qualify as

3

crimes of violence under § 924(c)(3)(A)'s elements clause and that § 924(c)(3)(B)'s residual clause definition of "crime of violence" is unconstitutionally vague. The district court denied the motions and imposed a consecutive term of 120 months imprisonment on the first § 924(c) count, and a consecutive term of 300 months on the second § 924(c) count, to run consecutive to each respondents' term of imprisonment for the other counts. After the court of appeals affirmed, the Supreme Court decided *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) (holding the residual clause of "crime of violence" definition in 18 U.S.C. § 16(b) is unconstitutionally vague). The Court granted respondents' then-pending petitions for certiorari, vacated the judgements of the court of appeals, and remanded for further consideration in light of *Dimaya*. The court of appeals struck down § 924(c)(3)(B) as unconstitutionally vague and concluded that conspiracy to commit Hobbs Act robbery could only qualify as a "crime of violence" under § 924(c)(3)(B).

The residual clause definition of "crime of violence" in § 924(c) is substantially similar to the residual clause definition of "violent felony" in the Armed Career Criminal Act, and nearly identical to the residual clause definition of "crime of violence" in 18 U.S.C. § 16(b), which the Court found unconstitutionally vague in *Johnson v. United States*, 135 S. Ct. 2551 (2015)

4

and *Dimaya*, respectively. In each of those cases, judges were required to use a "categorical approach" to determine whether an offense qualified as a violent felony or crime of violence—meaning that judges had to disregard how the defendant actually committed the offense and instead imagine the degree of risk that would attend the idealized "ordinary case" of the offense.

In *Davis*, although the courts and government had long understood § 924(c)(3)(B) to require the same categorical approach, the government urged the Court to instead require a "case-specific approach" which looks to the actual conduct of the defendant for which the defendant is being prosecuted and let the jury decide it (or defendant admit to it in his plea). The Court rejected the government's invitation to abandon the categorical approach, finding no support for the government's alternative "case specific" approach in § 924(c)s text, context, and history.

Accordingly, Davis' prior convictions for Common Law Robbery and Robbery with Dangerous Weapon are not "crimes of violence." See *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), holding that § 924(c)(3)(B) is unconstitutionally vague. The Court refers to this clause as the "risk-of-force clause. Davis is actually innocent of career offender enhancement, hence, he should be resentenced without the said enhancement.

5

In light of *Davis*, Davis' career offender enhancement must be vacated because the predicate convictions– Common Law Robbery and Robbery with Dangerous Weapon are not a "crimes of violence." The Fifth Amendment's proscription against depriving an individual of life, liberty, or property without due process of law supplies the rationale for the void-for-vagueness doctrine. Under it, the government may not impose sanctions "under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Welch v. United States*, 136 S. Ct. 1257, 1262 (2016)(quoting *Johnson*, 135 S. Ct. at 2556).

As argues in Davis' § 2255(f)(3) Motion, *Davis* is substantially relevant in regard to Davis' arguments, making clear indication that the interpretation of statutes by district courts are contrary to the Congress' intent. Further, the statutes are too ambiguous to secure a conviction. The same applies to Davis' circumstance.

Without Davis' career offender enhancement, Davis' Total Offense Level would have been level 3, in Criminal History Category V, which yield an advisory Guideline range of 2 to 8 months' imprisonment on Count 6, plus a mandatory 60-month sentence on Count 7, for a total term of 62 months– a significantly less harsh sentence.

Finally, Davis asserts that the increase in the calculation of his sentencing range based on the career offender enhancement, resulted in a longer sentence. If so, this could be deemed a miscarriage of justice.

2. Petitioner also procedurally defaulted on his § 2255 claim that his § 924(c) conviction should be vacated.

The Fourth Circuit holds Plea Agreement waiver does not block *Johnson/Dimaya/Davis* claims. See *United States v. Cornette*, 2019 U.S. App. LEXIS 22554 (4th Cir. July 30, 2019). In *Cornette*, Randall Cornette, convicted of a felon-in-possession charge, challenged his Armed Career Criminal Act sentence. The trial court had relied on some old Georgia burglaries that Randy said could no longer count under Johnson. The government replied that Randy had signed a plea agreement waiver that prevented him from raising a Johnson issue.

Recently, the Fourth Circuit ruled that a plea agreement waiver does not prevent a defendant from taking advantage of Supreme Court decisions like *Johnson* or *Davis*. The appeals court ruled that an otherwise valid appeal waiver did not bar Randy from now arguing that by imposing a sentence under the unconstitutional residual clause of the ACCA, the district court exceeded its statutory authority to sentence him.

7

The Court said that an appeal waiver does not preclude a defendant from challenging a sentence "based on a constitutionally impermissible factor" or "a sentence imposed in excess of the maximum penalty provided by statute." Randy's sentence challenge is based on the assertion that the district court did not have the statutory authority to impose the sentence under to the residual clause. Because *Johnson* was made retroactive by the Supreme Court, the Circuit said, "all sentences rendered under the residual clause became unconstitutional. Therefore, Randy's sentence was imposed in excess of the maximum penalty provided by ACCA."

The Fourth said that this doesn't mean that a non-retroactive change in the law, like *Booker* or *Alleyne*, can be challenged where there is a collateral-attack waiver. But where a Supreme Court case (like *Davis*, for instance) "announces a substantive rule that applies retroactively, the district court is now deemed to have had no statutory authority to impose [a] sentence," and a court may review a sentencing challenge "notwithstanding the appeal waiver."

Accordingly, same should apply in this case.

## CONCLUSION

In its conclusion, the government submits that the Court dismiss Davis' § 2255(f)(3) Motion, pursuant to Federal Rule of Civil Procedure 12(b)(6). However, for the above and foregoing reasons, Davis respectfully requests that the Court consider his response in opposition to motion to dismiss and hold an evidentiary hearing so that he may further prove his meritorious grounds for relief, resolve facts in dispute between the parties, and expand an incomplete record.

Respectfully submitted,

Dated: December 26, 2019.

*Tron Davis*
TRON LAKEY DAVIS
REG. NO. 57361-056
FCI WILLIAMSBURG
FEDERAL CORR. INSTITUTION
P.O. BOX 340
SALTERS, SC 29590
Appearing *Pro Se*

## CERTIFICATE OF SERVICE

     I hereby certify that on December 26, 2019, a true and correct copy of the above and foregoing Objections to United States' Memorandum of Law of its Motion to Dismiss Petitioner's Motion under 28 U.S.C. § 2255 was mailed, postage prepaid, to Michael G. James, Assistant U.S. Attorney at U.S. Attorney's Office, 150 Fayetteville Street, Suite 2100, Raleigh, NC 27601.

                                                   */s/ Tron Davis*
                                                TRON LAKEY DAVIS