IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-cr-6-BO-1
No. 4:19-cv-143-BO

| | |
|---|---|
| TRON LAKEY DAVIS, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | O R D E R |

This cause comes before the Court on petitioner's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 143]. The government has moved to dismiss petitioner's § 2255 motion [DE 148]. For reasons discussed below, petitioner's motion [DE 143] is DENIED and the government's motion to dismiss [DE 148] is GRANTED.

## BACKGROUND

In July 2013, petitioner pleaded guilty to one count of distribution of marijuana, in violation of 21 U.S.C. § 841(a)(1), and one count of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Petitioner was classified as a career offender, which led to a guideline range of 262 months to 327 months. On November 2013, the Court sentenced petitioner to a combined term of imprisonment of 300 months.

In October 2019, petitioner filed this 28 U.S.C. § 2255 motion challenging his designation as a career offender. Petitioner argues that in light of the Supreme Court's decisions in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019), § 4B1.1 of the U.S. Sentencing Commission Guidelines is void for vagueness.

## DISCUSSION

### I. Petitioner's § 2255 motion is denied.

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Petitioner's argument is foreclosed by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), in which the Court held that the Guidelines are not subject to vagueness challenges because they merely guide a court's exercise of its discretion in sentencing. Petitioner's § 2255 motion must, therefore, be denied.

### II. The government's motion to dismiss petitioner's § 2255 motion is granted.

The government has moved to dismiss petitioner's § 2255 motion under Federal Rule of Civil Procedure 12(b)(6). A Rule 12(b)(6) motion to dismiss must be granted if the pleading fails to allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also* Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to Section 2255 proceedings). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

Here, petitioner has failed to state a claim upon which relief can be granted. His basis for his § 2255 is that his career offender enhancement is unconstitutional under *Johnson* and *Davis*. As noted above, this is not the case. Accordingly, the government's motion to dismiss is granted.

CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's denial of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

CONCLUSION

For the foregoing reasons, petitioner's motion to vacate, set aside, or correct sentence [DE 143] is DENIED. The government's motion to dismiss [DE 148] is GRANTED. The § 2255 petition is DISMISSED. Petitioner's extension motion [DE 154] is DENIED AS MOOT. A certificate of appealability is DENIED.

SO ORDERED, this **17** day of March, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE